**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

CIVIL ACTION NO. 22-4-DLB

JOSE ANGEL TORRES-GUARDADO                                                           PETITIONER

v.                              **MEMORANDUM OPINION AND ORDER**

WARDEN, USP-Big Sandy                                                                         RESPONDENT

*** *** *** ***

Petitioner Jose Angel Torres-Guardado is a federal inmate currently confined at the United States Penitentiary ("USP")-Big Sandy located in Inez, Kentucky. Proceeding without counsel, Torres-Guardado has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and has paid the $5.00 filing fee (Doc. # 1-3). Thus, this matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1] After reviewing the § 2241 petition and supporting material submitted by Torres-Guardado, the Court concludes that his § 2241 petition must be dismissed for lack of subject-matter jurisdiction.

In June 2007, pursuant to a plea agreement with the United States, Torres-Guardado pled guilty in the United States District Court for the District of Montana to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v.*

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

*Torres-Guardado*, No. 1:07-cr-022-SPW-1 (D. Mont. 2007). According to Torres-Guardado, the District Court determined that he was a Career Offender under U.S.S.G. § 4B1.1 based on Torres-Guardado's two prior convictions for "crimes of violence," a California robbery conviction and a Colorado conviction for attempted second-degree assault. (Doc. #1-1 at p. 5-6). In October 2007, Torres-Guardado was sentenced to a term of imprisonment of 327 months. The Ninth Circuit affirmed Torres-Guardado's sentence on direct appeal. *See United States v. Torres-Guardado*, No. 07-30415 (9th Cir., Sep 26, 2008) (Memorandum)

In January 2009, Torres-Guardado filed a motion to alter, amend, or vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied. Since that time, Torres-Guardado has filed several additional motions seeking relief from his sentence, all of which have been denied. *United States v. Torres-Guardado*, No. 1:07-cr-022-SPW-1 (D. Mont. 2007).

Torres-Guardado has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, arguing that he was misclassified as a Career Offender because his "instant offense of conviction" (the conspiracy to distribute methamphetamine conviction) is no longer a "controlled substance offense"[2] in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) and *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019). However, the Court must dismiss Torres-Guardado's § 2241 petition for lack of subject-matter jurisdiction because Torres-Guardado's petition does not meet the

---

[2]    U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* U.S.S.G. § 4B1.1(a).

2

requirements to challenge his sentence in a § 2241 petition filed pursuant to the "savings clause" provision of 28 U.S.C. § 2255(e).  See *Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255.  *Id*.  "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).  In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495.  Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction or the enhancement of his sentence.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255 in the court that sentenced him.  *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief.  *Copeland v.*

3

*Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). Rather, to properly invoke the savings clause to challenge a sentence in a § 2241 petition, a petitioner must show that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

Thus, under *Hill*, a prisoner seeking to challenge his sentence in a § 2241 petition filed pursuant to § 2255(e) must show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The retroactive case of statutory interpretation upon which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See id*. at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"). *See also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court). In addition, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Because the savings clause of § 2255(e) is a jurisdictional bar that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241

proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Torres-Guardado does not meet these requirements because he does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. Torres-Guardado relies on the decisions of the Sixth Circuit Court of Appeals in *Havis* and the Fourth Circuit Court of Appeals in *Norman*. (Doc. # 1-1 at p. 10-11). However, neither of these cases are Supreme Court decisions. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Because Torres-Guardado does not meet the requirements to proceed in this matter via the savings clause of § 2255(e), this Court may not entertain his § 2241 petition. Accordingly, Torres-Guardado's § 2241 petition must be dismissed for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, **IT IS ORDERED** as follows:

(1)   Torres-Guardado's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED** for lack of subject-matter jurisdiction.

(2)   This action is **STRICKEN** from the Court's docket.

(3)   A corresponding Judgment will be entered this date.

This 31st day of January, 2022.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\PSO Orders\7-22-004 Screening Memorandum (2241).docx